COVENANT.                    Page, &c. *vs* Carter.

*Case* 49.                   ERROR TO THE LEWIS CIRCUIT.

                    *Practice in Courts of Law.  Witnesses.*

*January* 13.    JUDGE SIMPSON delivered the opinion of the Court.

                    THE plaintiff, (a free person of color,) having been
Case stated.    bound as an apprentice to the defendant, by the County
                 Court of Greenup, brought this suit after the expiration
                 of his term of service, for a breach of the stipulations
                 contained in the indenture.

                    The defendant filed several pleas, all of which are
Where the de-   affirmative, and placed the burthen of proof on him.
fendant's pleas He introduced some evidence conducing to sustain one
are altogether af-
firmative, and he of his pleas only.  The Court, notwithstanding it was
adduces    proof objected to on the part of the plaintiff, permitted him,
sustaining any of
his pleas to any by his counsel, to open and conclude the argument be-
extent, he has  fore the jury.  This is relied upon as erroneous.  We
the right to open
and     conclude are of opinion, however, when none of the defendant's
the argument to pleas are of a negative character, as the attitude of the
the jury.
                 pleadings admits the plaintiff's cause of action to have
                 existed, and requires the defendant to establish his de-
                 fence to defeat it, he has a right, upon sustaining his
                 defence to any extent, by the introduction of evidence
                 in support of any one of his pleas, to open and conclude
                 the argument before the jury.  He had this right, there-
                 fore, in this case, and the Court did not err in permitting
                 him to exercise it.

                    The jury having found a verdict for the defendant,
No new trial    the Court overruled a motion by the plaintiff for a new
should be grant-
ed by the Court, trial.  In this, we are of opinion, the Court erred.  The
on the  ground  verdict is wholly unsustained and unauthorized by the
that the verdict
is contrary to the evidence.  This Court, it is true, will never disturb a
evidence, unless verdict on this ground, where a new trial has been re-
the finding of the
jury is  clearly fused by the Circuit Court, unless it is clearly and pal-
and palpably a- pably wrong.  Such, we think, is the character of the
gainst the evi-
dence.           verdict in this case.  The evidence was entirely insuffi-

cient to warrant such a finding, and a new trial should have been granted.

On the trial had in the Circuit Court, the defendant offered to introduce a man of color, as a witness, to testify in his favor against the plaintiff. The witness was rejected. The counsel for the defendant desires this Court, in the event of a reversal, to pass upon this question. As it may again arise upon another trial, we will notice it at this time.

An act concerning witnesses, passed in 1798, (2 *Stat. Law*, 1549,) contains the following enactment, which is still in force, viz: "No negro, mulatto or Indian, shall be admitted to give evidence, but against or between negroes; mulattoes or Indians." This seems to confine such testimony to suits between the persons named, and to proceedings by the Commonwealth against them. Had the Legislature intended it to apply to controversies between them and white persons, by making it admissible against them, it would have been unnecessary to have added the additional words, between negroes, mulattoes or Indians. For, if such testimony be admissible against them in all suits, it would of course, in controversies between themselves, and the latter clause of the section might with propriety, have been omitted.

As the plaintiff in the action could not rely upon such testimony, *if the defendant had the right to do it*, the right would not be reciprocal. As the language of the act does not require such a construction, but rather prohibits it, and as the Legislature should not be presumed to have intended to produce such want of reciprocity upon the trial, the only allowable meaning of the act is, that in suits between themselves, they shall be admitted to give evidence; and also in proceedings against them by the Commonwealth, but in no other case.

The judgment is reversed, and cause remanded for a new trial and further proceedings, in conformity with this opinion.

*Hord and Evans* for plaintiffs; *Beatty* for defendant.